1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW MERZ,

          Plaintiff,

  v.

CITY OF KALAMA, et al.,

          Defendant.

CASE NO. C24-5588 BHS

ORDER

13  THIS MATTER is before the Court on defendants' Federal Rule of Civil
14  Procedure 12(c) motion for judgment on the pleadings, Dkt. 17, on pro se plaintiff
15  Matthew Merz's motion for an extension of time to respond to defendants' motion, Dkt.
16  20, and on Merz's emergency motion for leave to amend his complaint, Dkt. 22.
17  Defendants' motion thoroughly catalogs the factual allegations and claims asserted
18  in Merz's 103-page complaint, and why most of the claims are not cognizable. It also
19  points out pleading defects with the parties he sued: the mayor and the police chief are
20  entitled to qualified immunity, and his official capacity suit against municipal employee
21  Jenkins is superfluous. It correctly points out that Merz's claims against other defendants
22  are facially flawed: the police department and the library are simply Kalama agencies,

ORDER - 1

1    and cannot be sued separately. Merz has not articulated a *Monell* claim against Kalama,

2    or plausibly alleged that some Kalama policy was the moving force behind a

3    constitutional violation. Dkt. 17. It seeks dismissal with prejudice and without leave to

4    amend. It was properly noted for February 20. *Id*.

5          Merz's motion for an extension of time seeks 56[1] days to obtain an attorney and

6    file an amended complaint by the March 10 amended pleadings deadline in the Court's

7    Scheduling order, Dkt. 19. Dkt. 20 at 2. It does not assert that his current complaint is

8    plausible, and it does not contend that with additional time he could respond to the

9    motion. Instead, Merz seeks to obtain counsel to aid him in "correcting errors in his

10    complaint including potential mistaken legal theories and new legal theories." Dkt. 20 at

11    2. He asserts that with an extension, he will retain an attorney and timely file an amended

12    complaint.

13          Merz's emergency motion to amend contends that he asked the clerk's office

14    whether he needed to file a motion to amend in light of the scheduling order. Dkt. 20 at 2.

15    He does not directly say the clerk's office gave him legal advice, but he implies that he

16    was told he did not need to seek leave to amend under the Federal Rules of Civil

17    Procedure because there is a date on the scheduling order for amended pleadings. The

18    clerk's office does not give legal advice, and Merz should not seek it there. Merz also

19    suggests that "Artificial Intelligence" told him he did not need to file a motion to amend

20    since the court had already set a deadline for amending. *Id*. It is unclear whether he is

---

22         [1] Merz's motion was filed February 4, some *3*6 days prior to the March 10 deadline.

asserting this artificial legal advice as an excuse for not complying with Rule 15, or whether he is contending that AI confirmed that Rule 15 does not apply.

It is true that a pro se litigant is not held to the same standard as a licensed attorney. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). Regardless of technical deficiencies, a pro se litigant's pleading—his complaint—should be judged only by function, not form. *Id.* This rule is almost uniformly applied when a pro se plaintiff is seeking *in forma pauperis* status, or defending a motion to dismiss.

But a pro se plaintiff is not immune from the rules of civil procedure. Although the Court must construe his complaint liberally, a pro se litigant "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012). Pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Like any other litigant, represented or not, Merz is obligated to follow the Rules. Rule 15 governs the amendment of pleadings, including a pro se complaint.

In any event, Merz did not otherwise respond to the defendants' motion for judgment on the pleadings. The Court may deem a party's failure to respond to a motion to dismiss an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to

      file papers in opposition to a motion, such failure may be considered by the Court as an admission that the motion has merit.

Local Rule 7(b)(2).

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Federal Rule of Civil Procedure 12(c) "is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although courts must accept as true the complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Courts may also deny leave to amend when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Merz's failure to respond to the motion to dismiss, and his motions for permission and time to file an amended complaint, are admissions that defendants' motion for judgment on the pleadings on his current complaint has merit.

Defendants' motion, Dkt. 17, is **GRANTED**, and Merz's current claims against the current defendants are **DISMISSED**. Because it is not entirely clear that he could not amend his complaint to state a plausible claim consistent with the facts he has already pled, the dismissal is without prejudice, and Merz's motion for leave file an amended complaint, Dkt. 22 is **GRANTED**. He shall file an amended complaint addressing and remedying the deficiencies outlined in the motion, and in this and the Court's prior Order, Dkt. 13, by **March 17, 2025**. If he does not, the case will be closed. Merz's motion for an extension of time to respond to the defendants' motion, Dkt. 20, is **DENIED** as moot.

//

**IT IS SO ORDERED**.

Dated this 25th day of February, 2025.

BENJAMIN H. SETTLE
United States District Judge