UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW MERZ, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF KALAMA, et al., <br><br> Defendant. | CASE NO. C24-5588 BHS <br><br> ORDER |

THIS MATTER is before the Court on defendants'[1] motion for a protective order, Dkt. 36. Defendants ask the Court to stay written discovery until it resolves their forthcoming Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings. They argue that pro se plaintiff Matthew Merz's pending discovery is voluminous and unduly burdensome, and potentially unnecessary because their dispositive motion will test the plausibility of Merz's amended complaint's factual allegations and legal theories, not his evidence.

---

[1] Defendants are the City of Kalama, its police department and library, Kalama's mayor, Mike Reuter, its employee Raphael Herrera, its Library Board Trustee Harlyn Jenkins, and its councilmember Jon Stanfill. Merz has apparently served discovery on all but Stanfill.

ORDER - 1

1    Merz argues that the defendants' request is unjustified and would prevent him
2    from gathering evidence central to his claims. He asserts his discovery is timely and
3    proportionate to the needs of his case, which involves a "complex" conspiracy claim and
4    a fact intensive *Monell* claim. Dkt. 39 at 3. Merz also argues he seeks communications
5    among the defendants and non-party conspirators about his performance, their official
6    actions with respect to him, and related city business, and that these records are public
7    records under the Public Records Act, RCW 42.56. *Id*.

8    Merz argues that he will be prejudiced by a stay because he has "credible
9    concerns" over potential evidence destruction and a stay will give the defendants more
10   time to deliberately suppress and destroy evidence. He asserts, but does not demonstrate,
11   that in August 2021, someone deleted from his city email account an email containing a
12   death threat, and that that is a concrete example of harm he may suffer if discovery is
13   stayed.

14   Defendants correctly contend the Court has broad discretion over discovery. Dkt.
15   36 at 3 (citing Rule 26(c)(1) and *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.
16   1988)). It has discretion to stay discovery pending an early motion that is potentially
17   dispositive of the case or the subject of the discovery, and where that motion can be
18   decided absent discovery. *Id*. (citing *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989),
19   *amended at* 906 F.2d 465 (9th Cir. 1990); and *Ministerio Roca Solida v. U.S. Dep't of*
20   *Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013)).

21   Defendants sought a Rule 12 dismissal of Merz's initial complaint in January, Dkt.
22   17, and he did not oppose that motion. Instead, he sought and was granted leave to

correct the deficiencies in his initial complaint by filing an amended complaint. Dkt. 24. His amended complaint is shorter, but Merz's core claims are the same:

> Defendants (a) conducted an unauthorized "character background investigation" on Plaintiff in violation of City library policy, falsely branding him as racist, sexist, homophobic, transphobic, and even a child predator, and disseminated these defamatory labels to City officials, City staff, and the public; (b) weaponized sensitive police information by releasing to City officials digitally manipulated, sexually degrading images from a confidential investigation file pertaining to Plaintiff in order to humiliate and discredit him; (c) suppressed and ignored credible threats against Plaintiff's life from a third party, going so far as to delete a death-threat email from Plaintiff's City account and mute Plaintiff's microphone during a council meeting to prevent him from speaking about the danger he faced; and (d) abused legal processes by accessing Plaintiff's Protected Health Information ("PHI") without lawful authority in order to pursue a baseless Extreme Risk Protection Order ("ERPO") against Plaintiff following the onset of this very lawsuit currently before the Court with the punitive intent to further harass, intimidate, and defame him, an action that was swiftly leaked to local media to publicly smear Plaintiff. Each of these acts was carried out under official authority, without due process and reckless disregard for Plaintiff's substantive due process rights under the First and Fourteenth Amendment, and often in direct contravention of City policy and state law.

Dkt. 27 at 5.

Defendants accurately assert that their anticipated motion will be decided on the plausibility of Merz's allegations, not his evidence, and if his amended complaint has similarly failed to state a viable claim they will not have to respond to the more than 200 discovery requests Merz has served. Dkt. 36 at 2, 4.

The Court agrees. Merz avoided defendants' prior, early challenge to the plausibility of his claims by amending his complaint. The subject discovery was served months after the defendants filed their initial motion, and just two weeks after Merz filed his amended complaint. Dkt. 37. Defendants' challenge to Merz's new complaint was

wholly foreseeable, and it is fair and reasonable to resolve the viability of Merz's claims before forcing defendants to respond to discovery that may be moot.

Defendants' motion for a protective order staying discovery in this case until the Court resolves defendants' promised motion is **GRANTED**. Defendants need not respond to the pending discovery until further Court order. They shall preserve, and not destroy, any potentially relevant evidence in the meantime.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2025.

BENJAMIN H. SETTLE
United States District Judge