UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW MERZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF KALAMA, et al.,<br><br>　　　　　Defendants. | CASE NO. C24-5588 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff Matthew Merz's motions (1) for leave to file overlength motions and briefs, Dkt. 47, (2) for relief from deadline, to excuse his late filing, Dkt. 53, and (3) his motion to strike, contained in his surreply, Dkt. 58, in opposition to defendants' second motion for judgment on the pleadings, Dkt. 45.

Defendants' substantive motion was filed April 30, 2025, and properly noted for May 28. Under Local Rule 7(d)(4), Merz's opposition was due May 21, and under LCR 7(e)(3), was to be a maximum of 8400 words. Under LCR 7(f)(1), Merz's motion for leave to file an overlength, 36-page response to the defendants' motion was due three days *before* the due date for the filing, or May 18.

ORDER - 1

Merz filed his motion for leave to file an overlength brief, and his 9940-word brief, on May 26. Dkts. 47 and 48. Defendants correctly noted the late filing, Dkt. 49, and Merz responded that his response was due on "the Monday before the noting date," citing an outdated version of this District's local Rules. Dkt. 50. His second motion, asking the Court to accept his late filings, recognizes his error, and argues that defendants have suffered no prejudice and that striking his brief would "elevate form over substance." Dkt. 53 at 4.

Merz is proceeding pro se, and his brief is neither tediously long nor unduly late. His motions for leave to file an overlength and untimely opposition, Dkts. 47 and 53, are **GRANTED**. The Court will consider Merz's brief in evaluating defendants' second motion for judgment on the pleadings.

Merz's motion to strike asserts that defendants' Reply, Dkt. 51, improperly "raises arguments not asserted in their motion"—namely, that his opposition was too long and too late. Dkt. 58 at 2 (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (the district court need not consider arguments raised for the first time in a reply brief)). He argues that "Courts generally disfavor raising new dispositive arguments in a reply brief because it deprives the opposing party of a fair opportunity to respond." *Id*. (citing *United States v. Rearden*, 349 F.3d 608, 614 n.2 (9th Cir. 2003); and *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Nothing in these authorities suggests that a moving party cannot point out to the Court that the responding party's brief is improper. Merz's reading of the Rule to preclude any objection to his late filing is nonsensical; it would "elevate form over

1  substance" and ignore common sense. His motion to strike based on this argument is

2  **DENIED**.

3  Merz's objection to the defendants' Reply argument that he has again cited to fabricated authority makes even less sense. *See* Dkt. 51 at 3 (pointing out that Merz's opposition relies on a fabricated case, *Sorensen v. City of Bellingham*, 15 Wn. App. 2d 730, 733, 478 P.3d 1110 (2020)). Merz asserts that defendants are powerless to complain about his fabrications, because they did not object to them before he made them. Dkt. 58 at 3 ("[Plaintiff's fabricating a citation] was not addressed in Defendants' [motion] and represents an improper new factual and legal allegation raised in reply."). It is unclear whether this argument is also AI-generated, but it is specious. A party obviously cannot object to an improper or dishonest response before he receives it, and nothing in any of the (real) authority Merz cites supports such a rule. The Motion to Strike this argument is **DENIED**.

The defendants' substantive motion, Dkt. 45, will be addressed in a separate order. The Court is unlikely to consider any additional motions before that motion is decided.

IT IS SO ORDERED.

Dated this 1st day of July, 2025.

_____
BENJAMIN H. SETTLE
United States District Judge